TOLLESON v. McMILLAN.

4-4253

Opinion delivered February 3, 1936.

J. H. Lookadoo and Lyle Brown, for appellant.

McMillan & McMillan, for appellee.

McHANEY, J. Appellee brought this action to enjoin the appellant, as collector of taxes for Clark County, from enforcing or exacting a penalty from the taxpayers who pay their 1934 real and personal property taxes at any time prior to and including the first day of October, 1935. Appellant answered admitting that he was exacting the penalty fixed by law where the taxpayer failed to pay either the first or the second installments, and then offered to pay the whole amount before the first day in October. The case was submitted upon the complaint and the answer, and the court held that the only condition upon which the penalty could be charged was failure of the taxpayer to pay his taxes on or before the

first day of October. In other words, the court held that no penalty could be exacted where the taxpayer failed to pay either the first or second or both the first and second installments at the time provided by law, and appellant was enjoined from exacting such penalty. This appeal is from that decree.

We think the court erred in so holding. The time for paying taxes as fixed by § 1066 of Crawford & Moses' Digest was changed and the section amended by act 16 of the Special Session of the Legislature of 1933. This act provided that: "All taxes levied on real estate and personal property by the several county courts of the State, when assembled for the purpose of levying taxes, shall be deemed to be due and payable at any time from the third Monday in February to and including the third Monday in October of the year succeeding that in which such levy is made, and shall be payable, at the option of the taxpayer, in installments as follows: The first installment of one-fourth of the amount of said taxes shall be due and payable on and from the third Monday in February to and including the third Monday in April, the second installment of one-fourth on and from the third Monday in April to and including the third Monday in July, and third installment of one-half on and from the third Monday in July to and including the third Monday in October, and all such taxes remaining unpaid after the periods above specified, shall be considered as delinquent, and it is hereby made the duty of the collector to extend a penalty of ten per cent. against all such delinquent taxpayers that have not paid their taxes within the time limit above specified, and the collector shall collect other delinquent taxes."

The General Assembly of 1935 amended § 1 of said act No. 16 by § 3 of act 282. The only change made by the latter act in the former was in the time for final payment from the third Monday in October as fixed in act No. 16 to the first day of October as fixed in said act 282. The question for determination is, what the Legislature intended by these enactments? Was it intended that the taxpayer should have the whole of the period from the third Monday in February to and in-

cluding the first day of October in which to pay his taxes without penalty, or did it intend to require the taxpayer to make the installment payments as specified, at the times specified, by the imposition of a penalty on such installments as were not made? It is true that the first paragraph of § 3 of act 282 of 1935, which amends § 1 of said act No. 16, provides that all taxes "shall be deemed to be due and payable at any time from the third Monday in February to and including the first day in October in the year succeeding in which such levy is made." If the act said nothing more, the contention of appellee would be correct. But the act did not end there. It continued by saying, "and shall be payable at the option of the taxpayer in installments as follows." The act then provides that one-fourth of the taxes shall be due and payable from the third Monday in February to the third Monday in April, both inclusive; one-fourth from the third Monday in April until the third Monday in July, both inclusive; and one-half from the third Monday in July to the first day of October, both inclusive; "and all such taxes remaining unpaid after the periods above specified shall be considered as delinquent, and it is hereby made the duty of the collector to extend the penalty of ten per cent. against all such delinquent taxpayers that have not paid their taxes within the time limit above specified." We see no ambiguity in this language. Under this statute, if the taxpayer wishes to pay in installments without penalty, he must do so within the times limited in the act. If he wishes to pay the entire amount at one time without penalty, he must do so on or before the third Monday in April. Under § 10,066, Crawford & Moses' Digest, the time fixed for the payment of taxes was from the first Monday in January to and including the 10th day of April, and all taxes remaining due after the 10th day of April were considered as delinquent, and the collector was required to collect a penalty of ten per cent. It was not the purpose of the Legislature, as we gather it from the act now under consideration, to extend the time for payment of taxes without penalty on the whole amount thereof from the 10th day of April to the first day of October, but the

time was extended from the 10th day of April to the third Monday in April in which the taxpayer could pay his taxes without penalty. The amendatory act simply provides that if the taxpayer pays one-fourth of his taxes on or before the third Monday in April, he may have another three months' grace in which to pay another one-fourth of his taxes without penalty, and an additional grace period on one-half of his taxes to and including October 1st in which to pay without penalty. But the act plainly provides that if the taxpayer fails to pay one-fourth of his taxes by the third Monday in April, that one-fourth "shall be considered as delinquent," and the collector is required to extend the penalty of ten per cent. upon that one-fourth. Likewise, if he fails to pay another one-fourth on or before the third Monday in July, he is again delinquent as to that one-fourth to which a like penalty attaches. There is no contention that a penalty would not attach if the taxpayer failed to pay one-half of his taxes on or before October 1st. The construction placed upon the act by the trial court nullifies the very purpose of the act and results simply in extending the time to pay taxes from the 10th day of April to the first day of October.

We must of course gather the legislative intent from the language of the act, but in doing this we must consider the language of the whole act. In other words, we must consider both paragraphs of § 3 of said act No. 282, and, when we do this, we find no ambiguity. Of course if the language of the act is ambiguous or uncertain, the court may look also to the subject-matter of the act, the object to be accomplished or the purpose intended as well as other extrinsic matters which throw light on the legislative intent. *McDonald* v. *Wasson*, 188 Ark. 782, 67 S. W. (2d) 722. But, as stated above, we find no ambiguity in § 3 of said act, when considered as a whole, and we are therefore of the opinion that the court erred in enjoining appellant from collecting the penalty on delinquent installments as provided in the act. The decree will be reversed, and the cause dismissed.